**QIAO YI YOU, Petitioner,**

v.

**Alberto GONZALES, United States Attorney General, Respondent.**

No. 07–0799–ag.

United States Court of Appeals, Second Circuit.

Aug. 28, 2007.

Scott E. Bratton, Cleveland, OH, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Civil Division; Lisa M. Arnold, Senior Litigation Counsel; Robbin K. Blaya, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. JOSÉ A. CABRANES, and Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Petitioner Qiao Yi You, a native and citizen of the People's Republic of China, seeks review of a February 9, 2007 order of the BIA affirming the July 12, 2005 decision of Immigration Judge ("IJ") Noel Brennan denying her applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Qiao Yi You*, No. A 97 511 463 (B.I.A. Feb. 9, 2007), *aff'g* No. A 97 511 463 (Immig. Ct. N.Y. City, July 12, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

As an initial matter, although You is challenging the denial of relief in "asylum-only" proceedings, as opposed to an actual removal order, this Court nonetheless has jurisdiction under 8 U.S.C. § 1252(a)(1) because the denial of relief in these circumstances is the functional equivalent of a removal order. *See Kanacevic v. INS*, 448 F.3d 129, 134 (2d Cir.2006).

When the BIA agrees with the IJ's conclusion that a petitioner is not credible and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, this Court reviews both the BIA's and IJ's opinions— or more precisely, the Court reviews the IJ's decision including the portions not explicitly discussed by the BIA. *Yun–Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004) overruled in part on other grounds by *Shi Liang Lin*

v. U.S. Dept. of Justice, 494 F.3d 296, 304–05 (2d Cir.2007). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. Cao He Lin v. U.S. Dep't of Justice, 428 F.3d 391, 406 (2d Cir.2005).

Substantial evidence supports the agency's adverse credibility finding. The IJ reasonably found it implausible that You was not aware of her betrothal to the son of her father's creditor for three years after it had been arranged. The IJ's analysis on this point was tethered to the record, and, thus, the finding was not improper. See Siewe v. Gonzales, 480 F.3d 160, 169 (2d Cir.2007) (according deference to an IJ's finding that an arrest warrant was inauthentic because the "inferential leap [wa]s tethered to the evidentiary record").

In addition, the BIA and IJ accurately observed that You omitted from her testimony many of the details set forth in her father's letter. For example, You did not address her father's statement that, in September 2003, the police threatened to incarcerate his (You's father's) parents, pushed his seventy-five year old father to the ground, and brought him to the village cadres for further questioning. These omissions from You's testimony were significant given that she had stated in her written application merely that her father agreed that she would marry the creditor's son after she turned twenty in 2004. Moreover, the IJ was not required to credit You's explanation for such omissions when no reasonable fact-finder would be compelled to do so. See Majidi v. Gonzales, 430 F.3d 77, 80–81 (2d Cir.2005). Because the incidents described by You's father prompted him to agree to the timing of the alleged arranged marriage, they were material to You's claim, and, therefore, their omission served as a proper basis for the IJ's adverse credibility finding. See Secaida–Rosales v. INS, 331 F.3d 297, 308 (2d Cir.2003).

Further, the IJ properly declined to give weight to You's documents because they were "unauthenticated." Although we have held that it is improper for the agency to "reject" evidence simply because it is not authenticated pursuant to 8 C.F.R. § 287.6, Cao He Lin, 428 F.3d at 404–05, the weight afforded to documentary evidence " 'lies largely' within the discretion of the IJ." Xiao Ji Chen v. U.S. Dep't of Justice, 471 F.3d 315, 341–42 (2d Cir.2006) (quoting Asociacion de Compositores y Editores de Musica LatinoAmericana v. Copyright Royalty Tribunal, 854 F.2d 10, 13 (2d Cir.1988)). Equally significant, the doubt cast on You's testimony "infected" the balance of her "unauthenticated" evidence. See Siewe, 480 F.3d at 170. This deficient corroboration also rendered You unable to rehabilitate testimony that had already been called into question. See Zhou Yun Zhang, 386 F.3d at 78.

The BIA and IJ also reasonably found that You's demeanor undermined her credibility where the IJ found her "hesitant," "evasive," and "unresponsive." Because a fact-finder who assesses testimony together with demeanor is in the best position to discern most accurately the impression conveyed by the witness and because the IJ's demeanor finding was supported by the record, that finding provided further support for the IJ's adverse credibility determination. See id. at 73.

Although we note that the IJ's adverse credibility finding was not without error, remand is not required because we can confidently predict that the agency would have reached the same deci-

sion, absent any errors made. *See Xiao Ji Chen,* 471 F.3d at 339–40. The IJ's demeanor finding, coupled with her proper findings regarding the implausibilities and inconsistencies in the record as well as the omissions and deficient corroborative evidence noted amounted to substantial evidence supporting her adverse credibility determination.

Because the only evidence of a threat to You's life or freedom or a likelihood of torture depended upon her credibility, the adverse credibility determination in this case necessarily precludes success on her claims for withholding of removal and relief under the CAT, which rested on the same factual predicate as her asylum claim. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006). Therefore, we need not reach the agency's alternative burden of proof finding.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(d)(1).